# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. SHRADER,<br><br>   Petitioner,<br><br> v.<br><br>WARDEN, FCI MENDOTA,<br><br>   Respondent. | Case No.: 1:21-cv-00873-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

  Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims his 1976 West Virginia convictions were wrongly used to enhance his 2010 sentence in violation of the Ex Post Facto clause. Because the Court lacks jurisdiction to consider the claim, the Court will recommend that the petition be DISMISSED.

## DISCUSSION

### I. Preliminary Review of Petition

  Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

1

the district court . . . ." Rule 4[1]; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Advisory Committee Notes to Habeas Rule 8.

**II.  Procedural Background**

In 2010, following two separate trials in the Southern District of West Virginia, Petitioner was convicted of two counts of stalking his victims through a facility of interstate commerce (18 U.S.C. § 2261A(2)), and one count of being a felon in possession of a firearm (18 U.S.C. § 2261A(2)). See United States v. Shrader, 675 F.3d 300 (2012) (affirming the conviction and sentence on direct appeal). Applying Petitioner's prior 1976 convictions (two counts of murder, one count of wounding, and one count of escape), the court sentenced Petitioner as an armed career criminal to the upper limit of 235 months in prison followed by five years of supervised release. Id.

In addition to the direct appeal of his conviction, Petitioner filed a § 2255 motion in the U.S. District Court for the Southern District of West Virginia. See Shrader v. United States, 2016 WL 299036 (S.D.W.Va. January 25, 2016) (No. 1:13-cv-33098), *dismissed*, 668 Fed. Appx. 494 (Mem.). Petitioner filed a second § 2255 motion addressing the possible application of Johnson v. United States, 576 U.S. 591 (2015) to Petitioner's sentence. See Shrader v. United States, Case No. 1:16-cv-05559 (S.D.W.Va.). The motion was denied on August 27, 2019. Id.

In addition to his § 2255 motions, Petitioner has filed at least eight previous § 2241 petitions, including[2]: Shrader v. Young (E.D.Cal. Case. No. 1:19-cv-00644-DAD-JLT); Shrader v. Plumley (E.D.Cal. Case No. 1:17-cv-01338-LJO-JDP); Shrader v. Watson (E.D.Cal. Case No. 1:17-cv-00685-DAD-SKO); Shrader v. Zuniga (E.D.Cal. Case No. 1:15-cv-00439-LJO-MJS); Shrader v. Gill (E.D.Cal. Case No. 1:14-cv-01269-LJO-MJS); Shrader v. West Virginia (S.D.W.Va. Case No. 1:14-

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).

cv-25344); Shrader v. Ives (C.D.Cal. Case No. 2:13-cv-01573-PSG-DTB); and Shrader v. United States (S.D.W.Va. Case No. 1:13-cv-09386). Petitioner also filed a state habeas petition seeking to set aside his 1975 convictions as error. Shrader v. West Virginia (W.Va. Case No. 12-0982).

### III.     Writ of Habeas Corpus *ad Subjiciendum* – Not Cognizable

Petitioner captions his petition as a writ of habeas corpus *ad subjiciendum*, also known as the "Great Writ." Stone v. Powell, 428 U.S. 465, 475 n. 6 (1976). The Supreme Court has explained the writ as follows:

> The authority of federal courts to issue the writ of habeas corpus ad subjiciendum was included in the first grant of federal-court jurisdiction, made by the Judiciary Act of 1789, c. 20, § 14, 1 Stat. 81, with the limitation that the writ extend only to prisoners held in custody by the United States. The original statutory authorization did not define the substantive reach of the writ. It merely stated that the courts of the United States "shall have power to issue writs of ... Habeas corpus ...." Id. The courts defined the scope of the writ in accordance with the common law and limited it to an inquiry as to the jurisdiction of the sentencing tribunal.

Id. at 474-75. In 1867, however, the common law rule was changed by an Act of Congress which conferred jurisdiction to the United States District Court "to determine whether a prisoner has been deprived of liberty in violation of constitutional rights...." United States v. Hayman, 342 U.S. 205, 212 (1952). The Great Writ was codified in statutory provisions of Chapter 153 of Title 28 (§§ 2241-2255). Id.; see also Stantini v. United States, 986 F.Supp. 736 (E.D.N.Y. 1997). Thus, Petitioner's writ of habeas corpus *ad subjiciendum* is not cognizable.

### IV.     Writ of Habeas Corpus under § 2241 – Lack of Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied,* 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. As noted above, Petitioner has already sought relief by way of § 2255 motion in the sentencing court.

Section 2241 also provides a remedy to federal prisoners, in two circumstances: (1) to challenge the execution of a sentence; and (2) to test the legality of a detention when § 2255 is otherwise unavailable. Generally, a prisoner may not collaterally attack a federal conviction or

3

sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the Southern District of West Virginia, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the West Virginia Southern District, not a habeas petition pursuant to § 2241 in this Court. To the extent he seeks relief by way of the savings clause, he may not do so because he has not shown the remedy under § 2255 to be inadequate and ineffective. It is clear he has had an

4

unobstructed procedural opportunity to present his claim, and he does not present a legitimate claim of actual innocence.

First, as previously noted, Petitioner has had numerous opportunities to present his claim. Notwithstanding the eight § 2241 petitions, he has filed several appeals and § 2255 motions challenging his sentence. Petitioner could have presented his claim in the district court following his sentencing, in the direct appeal (Shrader, 675 F.3d 300), or in the initial § 2255 motion, but did not do so. That he is barred from raising it in a second or successive § 2255 motion does not render the remedy inadequate or ineffective. Ivy, 328 F.3d at 1060. Thus, Petitioner has not shown that he has not had an unobstructed procedural opportunity to present his claims.

Second, Petitioner has failed to show a legitimate claim of actual innocence. In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id. Petitioner alleges no basis by which a reasonable jury could conclude that Petitioner was factually innocent. His sole argument is that his sentence was determined improperly because the trial court erred in applying his prior convictions as aggravating factors. The Ninth Circuit has held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). In Marrero, the Ninth Circuit reasoned that such a claim was "purely a legal claim that has nothing to do with factual innocence." Id. The Ninth Circuit also noted that its "sister circuits are in accord that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." Id. Relief under § 2241 is therefore foreclosed.

Accordingly, the Court concludes that the petition should be dismissed for lack of jurisdiction. A petition for writ of habeas corpus *ad subjiciendum* is not cognizable, and to the extent he seeks

5

habeas relief by way of § 2244, Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claim.

**V.     ORDER**

The Clerk of Court is DIRECTED to assign a district judge to this case.

**VI.    RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 7, 2021**               /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE