UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. SHRADER,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | No. 1:21-cv-00873-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 5) |

Petitioner Thomas C. Shrader is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 7, 2021, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for lack of jurisdiction. (Doc. No. 5.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 6.) Petitioner has filed two sets of objections (Doc. Nos. 7 & 9) and a documented that was titled as a motion of addendum (Doc. No. 8).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case, including petitioner's objections and addendum. Petitioner contends

that the court has jurisdiction over the pending petition under 28 U.S.C. § 2255(e).  However, none of petitioner's objections establish any flaw in the magistrate judge's reasoning set forth in the findings and recommendations.  *See Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020) (addressing the limited situations under which a challenge to career-offender status under § 2241 may be permitted), *petition for rehearing en banc denied*, 976 F.3d 863 (9th Cir. 2020) (clarifying the limited nature of that avenue of relief).  Petitioner's addendum, which relates to the case of Bill Cosby, is inapplicable here.  (*See* Doc. No. 8.)

In addition, the court declines to issue a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  An appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003); *see also* 28 U.S.C. § 2253.  Moreover, a certificate of appealability is required for a successive § 2255 motion that is disguised as a § 2241 petition.  *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).  If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the court therefore declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on June 7, 2021, (Doc. No. 5), are adopted in full;

2. The petition for writ of habeas corpus is dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated: **October 13, 2021**

UNITED STATES DISTRICT JUDGE